FILED
SEP 15 2016

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| James Irving Dale,<br>    Plaintiff,<br>Vs.<br>CBM Correctional Food Services,<br>Robert Dooley,<br>Darin Young,<br>Barry Schroeter,<br>John Twierweiller,<br>Kevin Twierweiller,<br>Brandon Knutson,<br>Derrick Glaser,<br>Elizabeth Vitetta,<br>Melissa Maturan,<br>Sharon Chinn,<br>Unknown Department of Corrections Staff,<br>Unknown CBM Correctional Food Services Employees,<br>    Defendants. | U.S.D.C. File: 16-cv-4133<br><br>42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT<br>AND LEGAL DECLARATION |

INTRODUCTION

This is a 42 U.S.C. § 1983 Civil Rights Complaint and legal declaration alleging that the named and unknown Defendants violated, and conspired to violate, the Plaintiff's First and Fourteenth Amendment rights under the United States Constitution and the Plaintiff's Federal civil rights pursuant to the Religious Land Use Institutionalized Persons Act ("RLUIPA") 42 U.S.C. § 2000 cc. The Defendants have substantially burdened Plaintiff's ability to practice

his sincerely held religious beliefs by feeding the Plaintiff, who is Jewish; non-kosher food, and food that is not prepared in accordance with Rabbinical/Kosher law, by refusing to provide Plaintiff with a diet that coincides with the Plaintiff's sincerely held religious beliefs, and by forcing the Plaintiff to wash with soap that contains animal fat from an non-kosher animal.

PARTIES

1. Plaintiff James Irving Dale is an inmate incarcerated in the South Dakota Department of Corrections, who was formerly incarcerated at Mike Durfee State Prison ("MDSP") in Springfield, South Dakota, and is currently incarcerated at the South Dakota State Penitentiary ("SDSP") in Sioux Falls, South Dakota.

2. Defendant CBM Correctional Food Services is a private company contracted to feed inmates incarcerated in the South Dakota D.O.C., this includes religious diets that conform to the tenets of the inmates' religious beliefs.

3. Defendant Robert Dooley is the warden at MDSP and the Director of Prison Operations for the South Dakota Department of Correction ("D.O.C.").

4. Defendant Darin Young is the Warden at the South Dakota State Penitentiary ("SDSP") in Sioux Falls, South Dakota.

5. Defendant Barry Schroeter was formerly the CBM Correctional Food Services Director at MDSP who was responsible for feeding inmates at MDSP a diet that conforms to their sincerely held religious belief.

6. Defendant John Twierweiller is the CBM Correctional Food Services District Manager and is responsible for feeding inmates incarcerated in the South Dakota D.O.C. a diet that conforms to their sincerely held religious belief.

7. Defendant Kevin Twierweiller is the CBM Correctional Food Services Director at SDSP who was responsible for feeding inmates at SDSP a diet that conforms to their sincerely held religious belief.

8. Defendant Brandon Knutson is a Unit Coordinator at SDSP, who is responsible for investigating and responding to inmate Informal Resolution Requests; which is the first step of the D.O.C grievance process.

9. Defendant Derrick Glaser is a Unit Coordinator at SDSP, who is responsible for investigating and responding to inmate Informal Resolution Requests; which is the first step of the D.O.C grievance process.

10. Defendant Elizabeth Vitetta is a Unit Coordinator at SDSP, who is responsible for investigating and responding to inmate Informal Resolution Requests; which is the first step of the D.O.C grievance process.

11. Defendant Melissa Maturan is the Administrative Remedy Coordinator who is responsible for investigating, and responding to, inmate Administrative Remedy Requests; which is the second and final step of the D.O.C. grievance process.

12. Defendant Sharon Chinn is a CBM Correctional Food Services Employee at SDSP who is responsible for preparing and cooking the food fed to inmates at SDSP including the religious/kosher diet trays.

13. Defendant Unknown Department of Corrections Staff are D.O.C Staff responsible for insuring that the inmates incarcerated in the South Dakota D.O.C. are fed a diet that conforms to the tenets of the inmates' religious beliefs.

14. Defendants Unknown CBM Correctional Food Services Employees are CBM Food Services Employees who are also responsible for insuring that the inmates incarcerated in the South Dakota D.O.C. are fed a diet that conforms to the tenets of the inmates' religious beliefs.

15. The Plaintiff brings this amended-supplemental civil rights law suit against all of the named Defendants, and Unknown Defendants, in both their individual and official capacities.

## JURISDICTION

This Court has jurisdiction over the Plaintiff's claims of Constitutional rights violations and violations of Federal law pursuant to 28 U.S.C. § 1331 (1) and 28 U.S.C. § 1334

## FACTS AND PROCEDURAL HISTORY

16. Dale is Jewish and eating kosher and maintaining a kosher home is part of Dale's sincerely held religious beliefs.

17. Dale has discovered through affidavits, legal declarations and by gathering other evidence that the rice entrée, which is the main course for lunch and dinner seven days a week for the religious/kosher trays, is often not kosher and contains pork flavoring and pork byproducts.

18. Dale has discovered through interrogatory responses from Defendant Robert Dooley, in the matter of *James Irving Dale v. Robert Dooley, et al.,* U.S.D.C. File: 14-CV-4003, that no Rabbi has been to Mike Durfee State Prison ("MDSP") to certify, or bless, the kitchen where the rice entrée, for the religious/kosher trays, is cooked or the area where the cold portion of the religious/kosher diet trays is prepared; therefore no food that is, or was, cooked or prepared at MDSP is, or was, kosher, even if it started out as kosher.

19. Dale has discovered that inmate kitchen workers, both at MDSP and at the South Dakota State Penitentiary ("SDSP"), who cook the alleged kosher rice entrée use the same spoon that that is used to stir and serve non-kosher food (including pork) to stir and serve the rice entrée

4

for the religious/kosher diets; this renders any food that these contaminated utensils come in contact with as un-kosher even if said food starts out as kosher. Defendant Sharon Chinn has tacitly authorized or turned a blind eye to these actions by inmate kitchen workers at SDSP.

20. Dale has discovered and has evidence that non-supervisory CBM Correctional Food Service Employees at MDSP routinely fry ham & cheese sandwiches on a frying pan on the same burner that is designated for cooking the rice entrée for the religious/kosher trays. This contaminates the cooking area and renders any food that is cooked on this burner un-kosher, even if said food starts out as kosher. These actions took place while Dale was an inmate at MDSP from September of 2013 until October of 2015.

21. Dale has discovered and has evidence that inmate kitchen workers who have been assigned to cook the alleged kosher rice entrée, for the religious/kosher trays, have been observed spitting in the rice at MDSP. These actions took place while Dale was an inmate at MDSP from September of 2013 until October of 2015.

22. Dale has discovered that the breakfast cereal that CBM Correctional Food Services feeds to inmates for breakfast at both MDSP and SDSP; is made in Mexico and is not certified kosher. Said breakfast cereal is fed to both inmates who eat the main-line diet trays and inmates who eat the religious/kosher trays.

23. Dale has discovered and has evidence that inmate kitchen workers both at MDSP and SDSP, who place the peanut-butter for the religious/kosher trays, in small cups, use the same spoon that is used to serve the peanut-butter to serve other non-kosher food; this renders the peanut-butter as un-kosher. Defendant Sharon Chinn has tacitly authorized or turned a blind eye to these actions by inmate kitchen workers at SDSP. These actions took place while Dale was an inmate at MDSP from September of 2013 until October of 2015.

24. Dale has discovered through legal declarations that the peanut-butter that is served to inmates who eat the religious/kosher diets, both at MDSP and SDSP, is often not kosher.

25. Dale has discovered and has evidence that inmate kitchen workers, both at MDSP and SDSP, wash the pot and utensil used to cook the rice entrée for the religious/kosher diets with all the other pots, pans and utensils that are used to cook, prepare and serve non-kosher food including pork; this renders any food the pot and utensil come in contact with as un-kosher even if said food starts out as kosher. Defendant Sharon Chinn has tacitly authorized or turned a blind eye to these actions by inmate kitchen workers at SDSP. These actions took place while Dale was an inmate at MDSP from September of 2013 until October of 2015.

26. Dale has discovered and has evidence that the table where the cold portion of the religious/kosher diet trays at SDSP are prepared is also used to cut ham for sandwiches and prepare other non-kosher food items; this contaminates the area and no food that is ever prepared on said table after ham or other non-kosher food has touched said table is kosher, even if said food starts as kosher. Defendant Sharon Chinn has tacitly authorized or turned a blind eye to these actions by inmate kitchen workers at SDSP.

27. Dale suffers from extreme bouts of hypoglycemia, due in part from being infected with the Hepatitis-C virus. Due to Dale's extreme hypoglycemia the Defendants provide Dale with four supplemental bag lunches a day to keep Dale's blood sugar from falling below 70 mg/dl. These supplemental snacks consist of a peanut-butter and jelly sandwiches.

28. Dale is forced to eat these supplemental snacks in order to survive. However, Dale has discovered that the peanut-butter that is served to Dale in these supplemental snacks is often not kosher or certified kosher and that the snacks are prepared on the same table with other non-kosher diabetic snacks, including ham sandwiches, which renders the food as un-kosher.

29. Because Dale is an inmate incarcerated in the South Dakota D.O.C. he is forced to eat the food the Defendants serve him, whether it is kosher or not, in order to survive.

30. Dale has discovered through affidavits and legal declarations that even after the Defendants were served with notice via the prison grievance system that the Defendants continued with the aforementioned actions.

31. The Defendants were served by the United States Marshall's with an amended civil rights complaint in the matter of *James Irving Dale v. Robert Dooley, et al.,* U.S.D.C. File: 14-CV-4003 in June of 2014, regarding the fact that the food served on the religious/kosher diet is not kosher but still continued with the aforementioned actions.

32. Dale has discovered that after he sent CBM Correctional Food Services a letter on July 14, 2016, regarding the aforementioned problems with the religious/kosher diet trays; the Defendants then started to cover the table where the cold portion of the religious/kosher diet trays are prepared with plastic (Saran) wrap after they cut ham and prepared ham sandwiches on said table. This plastic wrap often sits on said table for days at a time and does not get removed or changed. However, even if the Defendants cover said table with plastic wrap after they cut ham on said table; any food prepared on said table would be un-kosher, even if said food starts out as kosher.

33. Dale has discovered through interrogatory responses from Defendant Robert Dooley, in the matter of *James Irving Dale v. Robert Dooley, et al.,* U.S.D.C. File: 14-CV-4003, that Defendants Barry Schroeter, John Twierweiller and himself are (and were) responsible for insuring that the religious/kosher diet trays that are fed to Dale are kosher and prepared in accordance with Rabbinical/Kosher law.

7

34. The South Dakota Department of Corrections and Defendant CBM Correctional Food Services both have policies on how the religious/kosher diet trays should be prepared and handled, however, Defendants Sharon Chinn and Unknown CBM Correctional Food Service Employees routinely disregard said policies and Defendants Robert Dooley, Darin Young, Barry Schroeter, Kevin Twierweiller and John Twierweiller do not take adequate steps to enforce said policies.

35. The Torah and the Code of Jewish Law ("CJL") mandates that Jews eat kosher fish or kosher meat on the Sabbath. The religious/kosher diet that the Defendants feed to Dale, and other Jewish inmates both at MDSP and SDSP, are lacto-vegetarian and does not contain or provide any fish or meat.

36. In the Torah both Abraham and Moses, who were the Patriarchs of Israel, consumed meat and fish as mandated by Hashem (God). Jews should also consume kosher meat and kosher fish as part of their regular diet as mandated by Hashem (god). The religious/kosher diet that the Defendants feed to Dale, and other Jewish inmates both at MDSP and SDSP, is lacto-vegetarian and does not contain or provide any fish or meat. This is a violation of both the Torah and the CJL.

37. Dale is indigent due to a fine levied by the Department of Corrections and now has to purchase indigent commissary in order to get hygiene and writing supplies.

38. When Dale purchases indigent supplies from the D.O.C. it is considered a loan and Dale will eventually have to pay back said loan when he gets out of prison and is on parole.

39. The only soap that the D.O.C. (Defendants) will allow Dale to purchase from indigent commissary is 'DIAL' soap. DIAL soap is made with tallow (fat) from non-kosher animals, and is therefore not kosher.

40. The Defendants sell 'NEXT-1' soap on the non-indigent commissary list, for twenty cents more than DIAL soap, but refuse to allow Dale to purchase the NEXT-1 soap because he is indigent. NEXT-1 soap is kosher and does not contain any animal products.

41. Forcing Dale to use non-kosher soap that contains animal fat from non-kosher animals is the same as forcing Dale to eat non-kosher food.

42. All of the aforementioned actions by the Defendants have substantially burdened Dale's ability to practice his sincerely held religious beliefs.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

43. Dale has filed multiple grievances on all of the aforementioned issues both at MDSP and again after arriving at SDSP, but has been unable to obtain the relief that he was seeking.

44. Dale filed three Informal Resolution Requests[1] regarding the fact that the religious/kosher diets at SDSP are not kosher or prepared in accordance with Rabbinical/Kosher law. Defendants Knutson and Glaser rejected Dale's Informal Resolution Requests by claiming that Dale had already filed Informal Resolution Requests over these issues.

45. Dale then filed Administrative Remedy Requests[2] regarding the fact that the religious/kosher diets at SDSP are not kosher or prepared in accordance with Rabbinical/Kosher law. Defendant Maturan rejected Dale's Administrative Remedy Requests by claiming that Dale had already filed Administrative Remedy Requests over these issues.

46. Dale stated clearly in Administrative Remedy Request (Reference # 14609) that he has been transferred from MDSP to SDSP and has to re-grievance the fact that the food at SDSP is not kosher in order to file an amended civil rights complaint. However, Defendant Maturan still

---

[1] Informal Resolution Requests are the first step in the D.O.C. grievance process.
[2] Administrative Remedy Requests are the second and final step in the D.O.C. grievance process.

rejected Dale's Administrative Remedy Requests by claiming that Dale had already filed Administrative Remedy Requests over these issues.

47. In all of the Informal Resolution Request Responses and Administrative Remedy Request Reponses the MDSP Unit Coordinator and or Defendant Dooley responded to; they stated that CBM Food Services Supervisor or Kitchen Staff has been contacted concerning the issues with the religious/kosher diets and the kosher food.

48. Dale filed an informal Resolution Request with Defendant Vitetta regarding the fact that the Defendants do not feed Dale any meat of fish with his religious/kosher diet and requested that the Defendants start providing meat and fish with the religious/kosher diet; but it was denied by Defendant Vitetta. Dale's Administrative Remedy Response regarding this issue was also denied.

49. Dale sent a letter to CBM Correctional Food Services concerning the aforementioned problems with the kosher trays on July 14, 2016.

50. Dale sent a second letter to CBM Correctional Food Services concerning the aforementioned problems with the kosher trays on August 27, 2016.

51. When Dale filed a Informal Resolution Request concerning the non-kosher soap issue the SDSP Unit Coordinator responded by denying Dale's request to purchase NEXT-1 soap from indigent commissary.

52. Dale filed an Administrative Remedy Request, concerning the non-kosher soap, the day after he received the Informal Resolution Request Response on his bars. Defendant Maturan rejected Dale's Administrative Remedy Requests by claiming that Dale did not file his Administrative Remedy Request in time.

10

53. Multiple other inmates, including Charles Sisney and David Waff, have filed dozens of grievances over the last decade putting the Defendants on notice that the religious/kosher diet that the Defendants feed to inmates at MDSP and SDSP is not kosher or prepared in accordance with Rabbinical/Kosher law.

## GROUNDS FOR RELIEF

54. That Defendants CBM Correctional Food Services, Robert Dooley, Darin Young, Barry Schroeter, John Twierweiller, Kevin Twierweiller, Brandon Knutson, Derrick Glaser, Elizabeth Vitetta, Melissa Maturan, Sharon Chinn, Unknown Department of Corrections Staff, and Unknown CBM Correctional Food Services Employees, violated, or conspired to violate, Dale's First and Fourteenth Amendment rights under the United States Constitution and Federal Law (RLUIPA 42 U.S.C § 2000cc) by feeding Dale food that was not kosher or prepared in accordance with Rabbinical/Kosher law.

55. That Defendants Robert Dooley, Darin Young, Brandon Knutson, Derrick Glaser, Elizabeth Vitetta, Melissa Maturan, and Unknown Department of Corrections Staff turned a blind eye and were deliberately indifferent to the fact that CBM Correctional Food Services, Barry Schroeter, John Twierweiller, Kevin Twierweiller, Sharon Chinn and Unknown CBM Correctional Food Services Employees, were feeding Dale food that was not kosher or prepared in accordance with Rabbinical/Kosher law in violation of Dale's First and Fourteenth Amendment rights under the United States Constitution and Federal Law (RLUIPA 42 U.S.C § 2000cc).

56. That Defendants Robert Dooley, Darin Young, Brandon Knutson, Derrick Glaser, Melissa Maturan, and Unknown Department of Corrections Staff violated, or conspired to violate, Dale's First and Fourteenth Amendment rights under the United States Constitution and

Federal Law (RLUIPA 42 U.S.C § 2000cc) by refusing to provide Dale (who is indigent) with soap that did not contain tallow (animal fat) from non-kosher animals.

RELIEF REQUESTED

THE Plaintiff, James Irving Dale, requests that this Court hold a trial either by jury or judge in this matter and in the event the Plaintiff proves that the named Defendants violated the Plaintiff's First and Fourteenth Amendment rights under the United States Constitution and Federal Law (RLUIPA 42 U.S.C § 2000cc) grant the Plaintiff the following relief:

I.  Issue a Legal Declaration stating that:

   A. Defendants CBM Correctional Food Services, Robert Dooley, Darin Young, Barry Schroeter, John Twierweiller, Kevin Twierweiller, Brandon Knutson, Derrick Glaser, Elizabeth Vitetta, Melissa Maturan, Sharon Chinn, Unknown Department of Corrections Staff, and Unknown CBM Correctional Food Services Employees, violated, or conspired to violate, Dale's First and Fourteenth Amendment rights under the United States Constitution and Federal Law (RLUIPA 42 U.S.C § 2000cc) by feeding Dale food that was not kosher or prepared in accordance with Rabbinical/Kosher law.

   B. Defendants Robert Dooley, Darin Young, Brandon Knutson, Derrick Glaser, Elizabeth Vitetta, Melissa Maturan, and Unknown Department of Corrections Staff turned a blind eye and were deliberately indifferent to the fact that Defendants CBM Correctional Food Services, Barry Schroeter, John Twierweiller, Kevin Twierweiller, Sharon Chinn and Unknown CBM Correctional Food Services Employees, were feeding Dale food that was not kosher or prepared in accordance with Rabbinical/Kosher law in violation of Dale's First and Fourteenth Amendment rights under the United States Constitution and Federal Law (RLUIPA 42 U.S.C § 2000cc).

    C. Defendants Robert Dooley, Darin Young, Brandon Knutson, Derrick Glaser, Melissa Maturan, and Unknown Department of Corrections Staff violated, or conspired to violate, Dale's First and Fourteenth Amendment rights under the United States Constitution and Federal Law (RLUIPA 42 U.S.C § 2000cc) by refusing to provide Dale (who is indigent) with soap that did not contain tallow (animal fat) from non-kosher animals.

II. Issue an Injunction ordering the following:

    A. That Defendants CBM Correctional Food Services, Robert Dooley, Darin Young, Barry Schroeter, John Twierweiller, Kevin Twierweiller and their predecessors provide the Plaintiff, and other Jewish inmate incarcerated in the South Dakota Department of Corrections, with a certified pre-packaged kosher meal that is kosher and prepared in accordance with Rabbinical/Kosher law.

    B. That Defendants CBM Correctional Food Services, Robert Dooley, Darin Young, Barry Schroeter, John Twierweiller, Kevin Twierweiller and their predecessors provide the Plaintiff, and other Jewish inmate incarcerated in the South Dakota Department of Corrections, with meat and fish on the Sabbath that is kosher and prepared or slaughtered in accordance with Rabbinical/Kosher law.

    C. That Defendant Darin Young or his predecessor provide the Plaintiff with soap that does not contain tallow (animal fat) from non-kosher animals and that is certified kosher.

III. Award the Plaintiff Compensatory damages jointly and severely against Defendants CBM Correctional Food Services, Barry Schroeter, John Twierweiller, Kevin Twierweiller and Sharon Chinn in the amount of $100.00 for each time the aforementioned Defendants fed Dale food that was not kosher or prepared in accordance with Rabbinical/Kosher law, including the four (a day) hypoglycemic snack bags said Defendants provide to the Plaintiff.

IV. Award the Plaintiff Punitive damages jointly and severely against Defendants CBM Correctional Food Services, Barry Schroeter, John Twierweiller, and Sharon Chinn in the amount of $200.00 for each time the aforementioned Defendants fed Dale food that was not kosher or prepared in accordance with Rabbinical/Kosher law, including the four (a day) hypoglycemic snack bags said Defendants provide to the Plaintiff.

V. Award the Plaintiff Nominal damages jointly and severely against Defendants CBM Correctional Food Services, Barry Schroeter, John Twierweiller, and Sharon Chinn in the amount of $1.00 for each time the aforementioned Defendants fed Dale food that was not kosher or prepared in accordance with Rabbinical/Kosher law, including the four (a day) hypoglycemic snack bags said Defendants provide to the Plaintiff.

Pursuant to 28 U.S.C. § 1746 the Plaintiff, James Irving Dale swears under penalty of perjury that the facts alleged in this amended-supplemental 42 U.S.C. § 1983 civil rights complaint are true and correct.

Signed sworn and executed this 12th day of September 2016

_____
James I. Dale #1526
S.D.S.P.
P.O. Box-5911
Sioux Falls, SD 57117-5911

14