UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
DEC 07 2016

| | |
|---|---|
| JAMES IRVING DALE, <br><br> Plaintiff, <br><br> vs. <br><br> CBM CORRECTIONAL FOOD SERVICES, ROBERT DOOLEY, DARIN YOUNG, BARRY SCHROETER, JOHN TWIERWEILLER, KEVIN TWIERWEILLER, BRANDON KNUTSON, DERRICK GLASER, ELIZABETH VITETTA, MELISSA MATURAN, SHARON CHINN. UNKNOWN DEPARTMENT OF CORRECTIONS STAFF, UNKNOWN CBM CORRECTIONAL FOOD SERVICES EMPLOYEES, <br><br> Defendants. | 4:16-CV-04133-RAL <br><br><br> OPINION GRANTING LEAVE TO FILE FINANCIAL INFORMATION |

Plaintiff, James Irving Dale ("Dale"), filed this lawsuit pursuant to 42 U.S.C. § 1983 while he was an inmate at the South Dakota State Penitentiary in Sioux Falls. This Court screened and dismissed his complaint. Doc. 6. Dale filed a notice of appeal, Doc. 8, and moved for leave to proceed in forma pauperis. Doc. 9. Dale has not provided any information regarding his financial status other than to claim he is unable to pay the filing fees.

Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of "adjudicative facts." This Court takes judicial notice of Dale's

notice of change of address filed on November 17, 2016, *Dale v. Dooley et al*, 4:14-cv-04003-LLP at Doc. 112, which shows that Dale is incarcerated at the Sherburne County Jail. *See* Fed. R. Evid 201; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts may take judicial notice of public records). Therefore, it appears that Dale is incarcerated, and the PLRA applies.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Although the Court maintains that Dale's case was properly dismissed, it appears that his appeal is taken in good faith.

Dale has not provided a certified copy of the prisoner's prison account or an affidavit showing his financial status. "[F]ailure to file the prison account information . . . result[s] in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances." *Henderson*, 129 F.3d at 484. Because Dale's circumstances have changed, the Court cannot calculate his partial filing fee using available information. Therefore, the Court grants Dale 14 days in which to file current financial information. If Dale fails to file this information, he will be assessed an initial appellate partial fee of $35.

Thus, it is

ORDERED Dale must file a current prisoner trust account within 14 days or he will be assessed an initial appellate partial fee of $35.

Dated December 7, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE