

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES IRVING DALE,<br><br>               Plaintiff,<br><br>vs.<br><br>CBM CORRECTIONAL FOOD SERVICES, ROBERT DOOLEY, DARIN YOUNG, BARRY SCHROETER, JOHN TWIERWEILLER, KEVIN TWIERWEILLER, BRANDON KNUTSON, DERRICK GLASER, ELIZABETH VITETTA, MELISSA MATURAN, SHARON CHINN. UNKNOWN DEPARTMENT OF CORRECTIONS STAFF, UNKNOWN CBM CORRECTIONAL FOOD SERVICES EMPLOYEES,<br><br>               Defendants. | 4:16-CV-04133-RAL<br><br><br>OPINION GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |

      Plaintiff, James Irving Dale ("Dale"), filed this lawsuit while he was an inmate at the South Dakota State Penitentiary in Sioux Falls. This Court screened and dismissed his complaint. Doc. 6. Dale filed a notice of appeal, Doc. 8, and moved for leave to proceed in forma pauperis. Doc. 9. This Court ordered Dale to file information regarding his financial status. Doc. 11. Dale has now filed a copy of his prisoner trust account report. Doc. 12.

      Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing

fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

> (A)   the average monthly deposits to the prisoner's account; or
>
> (B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no

assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Dale's appeal is taken in good faith. Further, his prisoner trust account indicates that he has average monthly deposits to his prisoner trust account of $30.00 and an average monthly balance of $0.21. Doc. 12. Based on this information, the court finds that § 1915(b)(1) applies. Dale may proceed in forma pauperis on appeal provided he pays an initial partial appellate filing fee of $6.00, which is 20 percent of $30.00. Accordingly, it is

ORDERED that Dale may proceed in forma pauperis on appeal. Dale will make an initial partial appellate payment of $6.00 by January 20, 2016, made payable to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that the institution having custody of Dale is directed that whenever the amount in Dale's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

Dated December 20, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE